IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

BARBARA K. DAVIS, :
:
    Plaintiff, :
:
vs. : Civil Action No.
: **7:06-CV-101 (HL)**
MICHAEL J. ASTRUE[1] :
Commissioner of Social Security, :
:
    Defendant. :
_____

**RECOMMENDATION**

The plaintiff herein filed an application for disability insurance benefits and Supplemental Security Income Benefits on September 16, 2003. The applications were denied initially and upon reconsideration; plaintiff requested a hearing before an Administrative Law Judge, which was held on December 13, 2005. On May 11, 2006, the ALJ denied plaintiff's claim. The Appeals Council affirmed the decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security and should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this action. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months; (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education, and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984).

Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience. 20 C.F.R. § 404.1520(d).

The ALJ determined that plaintiff had "severe" impairments of fibromyalgia, osteoarthritis, osteoarthrosis and allied disorders, but was not disabled as she could perform a reduced range of medium work, that included avoiding concentrated exposure to dust, fumes, smoke, chemicals, and noxious gas, and the limited but not precluded ability to deal with work stress.

*Treating Sources*

Plaintiff states that the ALJ improperly discounted the opinion of plaintiff's treating physicians. The Court of Appeals has held that good cause must be shown if the opinion of the treating physician is discounted; a non-examining physician's opinion is entitled to little weight if it is contrary to the opinion of the claimant's treating physician. See Broughton v. Heckler, 776 F.2d 960 (11th Cir.1985). "The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986). Where the medical evidence does not conclusively counter the treating physician's opinion, and no other good cause is presented, the treating physician's opinion cannot be discounted. Scnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). Moreover, the ALJ cannot substitute his opinion for that of a medical expert. Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982).

However, a treating physician's opinion that a plaintiff is disabled or unable to work is not conclusive; the ALJ must make a disability determination based upon the medical findings and

3

other evidence.  Bell v. Bowen, 796 F.2d 1350 (11th Cir. 1990).

    Plaintiff has received medical treatment from several sources, but none of her physicians has indicated that she was disabled or limited in specific ways.  Plaintiff was treated for a variety of conditions by Dr. Hobby from June 2001 to November 2005 (Tr. 145-67). Her complaints included hypertension, headaches, gastrointestinal and esophageal problems, pain, allergies, shortness of breath, and female complaints. However, Dr. Hobby's findings do not indicate that these conditions produced disabling symptoms or would prevent plaintiff from performing medium work. Plaintiff's reflux was described as under good control and her chest examinations revealed that her lungs were consistently clear, although pulmonary function testing revealed some obstructive disease. Her hypertension was also described as controlled during the relevant period and she did not frequently complain of headaches or other pain (Tr. 145-67). Dr. Hobby wrote a letter describing plaintiff's diagnoses but did not state that plaintiff was disabled or had any specific limitations (Tr. 147). These notes do not support plaintiff's claims of disabling pain or other symptoms.

    Similarly, treatment notes from Dr. Tidmore, who treated plaintiff for fibromyalgia, do not indicate that plaintiff was disabled by this condition (Tr. 170-203).  Plaintiff was diagnosed with fibromyalgia in 1996 and consistently displayed trigger point tenderness upon examination (Tr. 170-203). She also consistently had good range of motion and motor strength (Tr. 170-203). Her medications reportedly helped her condition. In May 2002, plaintiff asked Dr. Tidmore to fill out a form to help her get a handicapped parking sticker but he declined (Tr. 183). He told plaintiff that he did not think a handicapped sticker was appropriate and encouraged plaintiff to keep active and walk (Tr. 183). Plaintiff told Dr. Tidmore that she wanted the sticker because of

4

shortness of breath, but Dr. Tidmore noted that her lung examination was good and that she looked good (Tr. 183). In August 2002, plaintiff complained of increased fatigue and received additional medication, which reportedly helped (Tr. 182). Dr. Tidmore prescribed psychotropic medications such as Zoloft to treat plaintiff's muscle pain (Tr. 170). Dr. Tidmore's notes do not support plaintiff's complaints of disabling pain or other symptoms.

Plaintiff was treated for her digestive and other complaints by Dr. Melton (Tr. 204-22). His notes date back to 1992. In 1994, plaintiff reported severe problems with reflux and she underwent a surgical procedure known as a Nissen fundoplication to improve this problem (Tr. 217-18, 275-80). Plaintiff reported doing well after surgery (Tr. 215-16). From 1994 until 2001, plaintiff had only mild or no reflux symptoms, although she reported some symptoms in April and May 2001 (Tr. 205- 16). Plaintiff reported episodic problems with her irritable bowel but responded to medication for that condition (Tr. 204-22). Dr. Melton did not provide office notes for the relevant time period but treated plaintiff for reflux symptoms at the hospital in July 2002 (Tr. 267-74). He noted that plaintiff had generally good control of her reflux symptoms after her 1994 surgery but reported that her symptoms had recently worsened. Plaintiff had not been taking her Prilosec due to problems with Medicaid. Testing revealed that plaintiff had no evidence of reflux esophagitis or stricture, but did have gastritis; Dr. Melton prescribed additional medication (Tr. 267-74). Dr. Melton did not suggest that plaintiff was disabled or limited. His treatment notes do not support plaintiff's complaints of disabling symptoms.

Dr. Hiatt treated plaintiff mainly for allergy and sinus problems, although his treatment notes pre-date the relevant time period (Tr. 233-60). In 1999 to 2000, plaintiff received allergy shots, but was treated regularly for ear infections, sinusitis, pharyngitis, etc. (Tr. 223-60). Plaintiff had

5

allergies but reportedly had a cat at home and a husband who smoked around her (Tr. 152, 241, 348, 356).

In January 2004, plaintiff had a consultative physical examination by Dr. Kumar (Tr. 281-86). Plaintiff complained of a cough, shortness of breath, wheezing, constipation and diarrhea, and joint and back pain. As in other examinations, plaintiff's chest was clear and she had full range of motion and muscle strength; no muscle tenderness was noted at this examination. Plaintiff was reportedly off of all medications at this evaluation because she lost Medicaid coverage (Tr. 281-86). A spirometry (test of lung function) was reportedly normal (Tr. 281-86). Dr. Kumar did not suggest that plaintiff was limited in any way (Tr. 281-86). State agency medical experts who reviewed the evidence, indicated that plaintiff could perform medium work without concentrated exposure to pulmonary irritants (Tr. 301-08, 309-17). The medical experts stated that plaintiff was partially credible but that the severity of her symptoms was not supported by the medical findings (Tr. 306, 317). Other state agency experts indicated that plaintiff did not have a medically determinable mental impairment, noting that she took Zoloft, etc., for pain, not for mental complaints (Tr. 287-300, 318-31).

Plaintiff has not identified any opinion from a treating physician that the ALJ ignored or discounted. The ALJ properly considered the uncontroverted evidence from the state agency medical and psychological consultants who reviewed the evidence (Tr. 11-17). See 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(f)(2), 416.912(b)(6), 416.913(c), 416.927(f)(2).

The undersigned finds that the ALJ adequately evaluated the medical evidence in the record.

*Credibility*

Plaintiff asserts that the ALJ improperly discounted her complaints of disabling pain and

6

other symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. S 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability. Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability. Holt v. Sullivan, supra at page 1223; Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility. "[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action. When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision." Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

Here, the ALJ noted inconsistencies with plaintiff's complaints of disabling pain and other symptoms, such as her daily activities which included household chores such as sweeping and mopping and vacuuming, cooking, driving, etc.. (Tr. 13). The ALJ also noted that although

7

plaintiff claimed to walk with a limp, at the consultative examination her gait was noted to be normal. (Tr. 14), and her osteoarthritis was described as "mild." (Tr. 14).

This court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239.

Here, the ALJ noted the medical record and plaintiff's complaints of disabling pain and other symptoms, and articulated why he found her to be not fully credible.

*Lay Witness Credibility*

Plaintiff also alleges the ALJ committed error when he failed to discuss the credibility of or assign any weight to testimony given by plaintiff's sister. In Allen v. Schweiker, 642 F.2d 799 (5th Cir.1981), petitioner challenged the Secretary's denial of disability insurance benefits on the ground that the ALJ failed to make an adequate finding of fact regarding the credibility of his former wife's testimony. Both Allen and his wife testified as to his disability. The judge specifically found that Allen's testimony, the primary evidence in support of his alleged disability, was not credible. No such finding, however, was made as to the testimony of Allen's former spouse. Nevertheless, the court found that the ALJ's credibility determination as to the spouse was clearly implied by the explicit ruling as to Allen's testimony, as the testimony was cumulative in nature. Id. at 801.

As in Allen, both the claimant and her sister in the case at bar offered complementary testimony as to the claimant's disability. Allen, 642 F.2d at 801. Although in the case herein, the ALJ made no specific finding as to the claimant's sister, her testimony was to the same effect as

that of the claimant. Therefore, in light of the ALJ's ultimate finding of no disability wherein he did discuss the plaintiff's credibility, the implication was obvious that the ALJ did not regard the testimony of claimant's sister as credible, and therefore not entitled to great weight.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is the RECOMMENDATION of the undersigned that the Commissioner's decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 12th day of February, 2008.

//S Richard L. Hodge
RICHARD L. HODGE
msd  UNITED STATES MAGISTRATE JUDGE